SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

| | |
|---|---|
| ANTHONY MANNO and FASTENER CONSULTANT INC.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN PRIDE FASTENERS, LLC, GEORGE HUGUES, III and LYNDA ZACPAL,<br><br>Defendants. | Index No.:<br><br>**SUMMONS**<br><br>Plaintiffs' Address:<br><br>The basis of venue designated is the location of the transactions or occurrences/Defendants' residence |

To the above-named Defendants:

  **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Attorney(s) within 20 days after service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case or your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

**Dated:**  Rockville Centre, New York
     October 24, 2018

               *Paul M. O'Brien*

               **Falcon Rappaport & Berkman PLLC**
               By: Paul M. O'Brien
                  Kenneth J. Falcon
               265 Sunrise Highway
               Suite 50
               Rockville Centre, NY 11570
               (516) 599-0888
               kfalcon@frblaw.com
               *Attorneys for Plaintiff*

Defendants' Last Known Address:

| American Pride Fasteners, LLC | George Hugues, III | Lynda Zacpal |
|---|---|---|
| 1295 S. Fehr Way | 1295 S. Fehr Way | 1295 S. Fehr Way |
| Bay Shore, NY 11706 | Bay Shore, NY 11706 | Bay Shore, NY 11706 |

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

ANTHONY MANNO and FASTENER
CONSULTANT INC.,

                    Plaintiff,

v.

AMERICAN PRIDE FASTENERS, LLC, GEORGE
HUGUES, III and LYNDA ZACPAL,

                    Defendants.

Index No.:

**VERIFIED COMPLAINT**

Plaintiffs **ANTHONY MANNO** and **FASTENER CONSULTANT INC.** (collectively, "Plaintiffs"), by and through their undersigned attorneys **FALCON RAPPAPORT & BERKMEN PLLC**, as and for their Complaint against **AMERICAN PRIDE FASTENERS, LLC, GEORGE HUGUES, III** and **LYNDA ZACPAL** (collectively, "Defendants") allege upon knowledge to itself and upon information and belief as to all other matters as follows:

### NATURE OF ACTION

1. This is an action for breach of contract and related equitable relief, arising out of Defendants' willful breach of its contractual obligations and inexcusable failure to pay Plaintiffs for services rendered.

### PARTIES

2. Plaintiff Fastener Consultant Inc. ("FCI"), at all times herein mentioned, is a foreign corporation authorized to conduct business in the State of New York.

3. Plaintiff Anthony Manno ("Manno"), at all times hereinafter mentioned, is an individual who resides in the State of New Jersey and is the president and sole shareholder of

2

FCI.

4. Upon information and belief, defendant American Pride Fasteners, LLC ("APF"), is a domestic corporation with its principal place of business located in the Suffolk County, State of New York.

5. Upon information and belief, defendant George Hugues, III ("Hugues"), is an individual who resides in Suffolk County, State of New York.

6. Upon information and belief, defendant Lynda Zacpal ("Zacpal") is an individual who resides in Suffolk County, State of New York.

7. Upon information and belief, Hugues and Zacpal (collectively the "Individual Defendants") are owners, officers, and/or directors of APF.

## FACTS COMMON TO ALL COUNTS

8. In or about 2013, FCI contracted to work for APF to market and sell its products.

9. Pursuant to the terms of the contract (the "Contract"), APF agreed to pay Manno Seventy-Five Thousand Dollars ($75,000.00) per year plus commissions to FCI. See **Exhibit A**.

10. The commission schedule for FCI is as follows: (i) 10.5% on the first one million dollars sold by FCI that resulted in at least a 30% profit to APF; and (ii) 5% on anything FCI sold over one million dollars that resulted in at least a 30% profit to APF.

11. The commissions were to be paid by APF to FCI upon APF's receipt of payment from its customers.

12. From the date of the Contract to the beginning of 2018, FCI increased its sales year after year, resulting in substantial profits to APF.

13. In addition to performing sales duties through FCI, Manno engaged in activities as an employee of APF, including but not limited to, collecting outstanding receivables, sourcing

3

new jobs, and locating new vendors for APF.

14. The work Manno performed was conducted at the direction and under the control of the Individual Defendants.

15. Despite performing duties directly for APF's benefit, Manno was never compensated for his work.

16. As FCI generated additional business for APF, rather than pay FCI commissions that were earned, APF used those amounts to pay off its outstanding debts.

17. By the end of 2016, APF carried over at least Eighteen Thousand Dollars ($18,000.00) of FCI's commissions that FCI had earned.

18. Since the conditions to receive commissions had been satisfied, APF had no basis to withhold the commissions from FCI.

19. Manno complained of this conduct to the Individual Defendants but nothing was done to rectify same.

20. In September of 2017, APF claimed that it had paid FCI too much money.

21. As a result, APF unilaterally changed the terms of the Contract by cutting the commissions to a straight 5% on all sales made.

22. The effect of this was a wrongful withholding of at least Twenty-Four Thousand Dollars ($24,000.00) of FCI's commissions that it had earned prior to this unilateral change.

23. This change took place at a convenient time for APF as FCI had its most successful year in 2017.

24. In 2017, FCI secured two new contracts for APF's benefit with Apollo Aerospace and Thruway Inc.

25. The profits APF will realize on these new contracts over the next five (5) years is

substantial and entitles FCI to additional commissions based on the work performed.

26. On or about January 6, 2018 Manno wrote a letter to APF notifying APF of his resignation due to APF's breaches of its obligations under the Contract.

27. Since then, Manno has attempted on numerous occasions to resolve the matter without the need for legal intervention. Such attempts have been futile.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION: BREACH OF CONTRACT

28. Plaintiffs reincorporates each and every preceding paragraph as though fully set forth herein and further alleges:

29. FCI and APF entered into the Contract for the purposes of FCI securing new orders for APF, for which FCI was to receive commission based on the value of the orders.

30. The Contract was supported by good and valuable consideration.

31. The Contract constitutes an enforceable agreement under New York State law.

32. FCI fully performed all of its obligations under the terms of the Contract by securing new contracts for APF.

33. Despite the conditions for payments being satisfied since customers paid for the products secured by FCI, APF breached its obligations under the agreement by failing to pay FCI its earned commissions.

34. Further, APF breached the Contract and the covenant of good faith and fair dealing by unilaterally changing the terms of the Contract without FCI's consent.

35. As a result of APF's breach, FCI has been damage in an amount to be determined at trial, but believed to be no less than One Hundred Thousand Dollars ($100,000.00) plus interest.

### AS AND FOR A SECOND CAUSE OF ACTION: <u>QUANTUM MERUIT</u>

36. Plaintiffs reincorporates each and every preceding paragraph as though fully set forth herein and further alleges:

37. FCI performed services for the benefit of APF in good faith based on the request by APF to perform such services.

38. APF accepted the service rendered by FCI, for which FCI was to receive compensation in the form of commissions.

39. APF never asked FCI to discontinue its services at any point in time.

40. Based on the foregoing Plaintiffs' have been damaged in an amount to be determined at trial, but believed to be no less than One Hundred Thousand Dollars ($100,000.00) plus interest.

### AS AND FOR A THIRD CAUSE OF ACTION: <u>UNJUST ENRICHMENT</u>

41. Plaintiffs reincorporates each and every preceding paragraph as though fully set forth herein and further alleges:

42. Certain services were performed by FCI for the benefit of APF. These services were performed at the expense of Plaintiffs.

43. APF failed to pay commissions in exchange for said services and were thereby unjustly enriched.

44. APF has no defense to its actions, and was fully aware of the benefits incurring to APF at the expense of Plaintiff.

45. Based on the foregoing Plaintiffs' have been damaged in an amount to be determined at trial, but believed to be no less than One Hundred Thousand Dollars ($100,000.00)

plus interest.

## AS AND FOR A FOURTH CAUSE OF ACTION:
## FAILURE TO PAY WAGES/COMMISSIONS

46. Plaintiffs reincorporates each and every preceding paragraph as though fully set forth herein and further alleges:

47. At all times relevant hereto, Defendants were Manno's "employer" within the meaning of New York Labor Law ("NYLL").

48. The NYLL requires employers to pay its employees at least state minimum wage for all hours worked up to forty (40) for each work week the employee performs work for the employer.

49. During Manno's employment, Manno received no pay from Defendants for the work he performed for the benefit of Defendants.

50. At all relevant times hereto, Manno was a "commission salesperson" within the meaning of NYLL.

51. At no time prior to or during Manno's employment did Defendants provide Manno with a written agreement concerning his commissions as required under NYLL.

52. At no time prior to or during Manno's employment did defendants provide Manno with a statement of earnings paid of due and unpaid as required under NYLL, despite Manno's demand therefor.

53. As set forth herein, Manno earned wages in the form of commissions that remain unpaid by Defendants.

54. As such, based on the foregoing and pursuant to NYLL § 198, Manno seeks damages against Defendants, jointly and severally for unpaid compensation, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees and costs, and such other legal and

equitable relief as this Court deems just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION: NOTICE VIOLATIONS AND WAGE STATEMENT VIOLATIONS

55. Plaintiffs reincorporates each and every preceding paragraph as though fully set forth herein and further alleges:

56. Defendants willfully failed to supply Manno with notices as required by NYLL § 195(1) containing Manno's rate or rates of pay and basis thereof; whether paid by the hours, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; and "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

57. Defendants willfully failed to supply Manno with notices as required by NYLL § 195(3) containing the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

58. Based on Defendants' violation of NYLL § 195(1), Manno is entitled to recover from Defendants, jointly and severally, up to Five Thousand Dollars ($5,000.00), pursuant to NYLL § 195(1-b), as well as reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiffs respectfully demand judgment against Defendants, joint and severally in the amount to be determined at trial but believed to be no less than One Hundred Thousand Dollars ($100,000.00) for unpaid wages, liquidated damages, and interest, along with punitive damages, attorneys' fees, and costs, together with such other, further, and different relief

that the Court deems just and proper.

Dated: Rockville Centre, New York
       October 24, 2018

                                  Respectfully submitted,

                                  *Paul M. O'Brien*

                                  **Falcon Rappaport & Berkman PLLC**
                                  By:    Paul M. O'Brien
                                             Kenneth J. Falcon
                                  265 Sunrise Highway
                                  Suite 50
                                  Rockville Centre, NY  11570
                                  (516) 599-0888
                                  kfalcon@frblaw.com
                                  pobrien@frblaw.com
                                  *Attorneys for Plaintiff*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

ANTHONY MANNO and FASTENER CONSULTANT INC.,

          Plaintiffs,

v.

AMERICAN PRIDE FASTENERS, LLC, GEORGE HUGUES, III and LYNDA ZACPAL,

          Defendants.

Index No.:

**VERIFICATION**

STATE OF NEW YORK   )
                                ss.:
COUNTY OF SUFFOLK   )

Anthony Manno, under penalty of perjury, hereby attests:

1. I am one of the plaintiffs in the above-captioned matter.

2. I have read the foregoing Summons and Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

                                                         _____
                                                         Anthony Manno

Sworn to before me this
18 day of October, 2018

_____
NOTARY PUBLIC

THERESA SAMBA
Commission # 2165704
Notary Public, State of New Jersey
My Commission Expires
May 12, 2019