UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ANTHONY MANNO, FASTENER
CONSULTANT, INC.,

              PlaintiffS,

     -against-

AMERICAN PRIDE FASTENERS, LLC,
GEORGE HUGHES, III and LYNDA ZACPAL

              Defendants.
--------------------------------------------------------X

**ORDER OF REMAND**

18-cv-6944(DRH)

Defendants removed this action from the New York State Supreme Court, Suffolk County, on the basis that diversity jurisdiction exists pursuant to 28 U.S.C.. 1332. In support thereof they alleged, inter alia, that "Plaintiff Fastener Consultant Inc. has it principle place of business in the State of New Jersey. . . ." and defendant "American Pride Fasteners, LLC is a Domestic corporation formed under the laws of the State of New York with its principle place of business in Suffolk County."

By Order to Show Cause dated December 17, 2018, defendants were advised that the allegations in the notice of removal appeared insufficient to plead diversity jurisdiction. Among other things, the Court wrote:

> Diversity jurisdiction exists when all plaintiffs are citizens of states diverse from those of all defendants. *Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co., Inc*., 772 F.3d 111, 117- 18 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 553 (2005)).  The party asserting diversity jurisdiction has the burden to prove the same. *Pennsylvania Pub. Sch. Employees' Ret. Sys*., 772 F.3d at 118. "[D]iversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record[.]" *Leveraged Leasing Admin. Corp. v. PacificCorp Capital, Inc*., 87 F.3d 44, 47 (2d Cir. 1996) (internal quotation marks omitted).  "A conclusory allegation . . . regarding diversity of citizenship does not extinguish the Court's responsibility to determine, on its own review of the pleadings, whether subject matter jurisdiction exists." *Richmond v.*

> *International Bus. Machs. Corp.*, 919 F. Supp. 107, 108 (E.D.N.Y. 1996), *aff'd*, 841 F.2d 1116 (2d Cir. 1988).
>
> A corporation, "is deemed to be a citizen both of the state in which it has been incorporated and the state in which it has a principal place of business." *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 161 (2d Cir. 1998). The citizenship of a limited liability company ("LLC") is determined by the citizenship of each of its members. *See, e.g., Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Handelsman v. Bedford Vill. Assocs. Ltd P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000). Where jurisdiction is upon diversity of citizenship, "the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company" must be alleged. *New Millennium Capital Partners, III, LLC v. Juniper Grp. Inc.*, 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010), (citing *Handelsman,* 213 F.3d at 51–52); *Bishop v. Toys "R" Us-NY LLC*, 414 F. Supp. 2d 385, 389 n.1 (S.D.N.Y. 2006), *aff'd*, 385 Fed. App'x 38 (2d Cir. 2010).

December 17, 2018 Order to Show Cause (DE 6) at 1-2.

In response to the Order to Show Cause, defendants maintain they have met their burden to establish diversity based on the following averments: plaintiff Anthony Manno, "resides in New Jersey" (DE 7 at ¶ 4); according to the complaint plaintiff Fastener Consultant, Inc. "claims to be a foreign corporation" and "a letter dated January 16, 2018 states their address to be in West Caldwell New Jersey" (*Id*. at ¶ 5); and the sole members of American Pride Fasteners are the other named defendants, individuals who "are both residents of the County of Suffolk residing in Fort Salonga and Brightwaters State of New York" ((*Id*. at ¶¶ 7,8).

Defendants response is inadequate to allege diversity jurisdiction. Among other things, a corporation's state of incorporation must be affirmatively stated and allegation of a corporation's address does not suffice to allege its principal place

of business.  *See OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 218 (2d Cir. 2016). Also,  "a statement of the parties' residence is insufficient to establish their citizenship." *Davis v. Cannick*, 2015 WL 1954491, at *2 (E.D.N.Y. 2015); *Young-Gibson v. Patel*, 476 F. App'x 482, 483 (2d Cir. June 12, 2012)). Rather,  "[f]or purposes of diversity jurisdiction, [an individual's] citizenship depends on his domicile." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998).

Defendants having been given an opportunity to cure the deficiencies in their allegations regarding subject matter jurisdiction and having failed to do so, this case is remanded to the Supreme Court, Suffolk County.

**SO ORDERED.**

Dated: Central Islip, New York
     January 4, 2019

           /s Denis R. Hurley
           Denis R. Hurley
           United States District Judge